# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

KELLY GREENFIELD, JEORJETTE
LAFORET and KARLA RYMSKY,

        **Plaintiffs,**

-vs-                                     Case No.  2:09-cv-260-FtM-29DNF

PACE CENTER FOR GIRLS, INC.,

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Approval of Settlement Agreement (Doc. 36) filed on June 1, 2010.  The Plaintiffs, Kelly Greenfield, Jeorgette Laforet and Karla Rymsky, and the Defendant, Pace Center for Girls, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the

proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Plaintiffs worked at various jobs for the Defendants. The Plaintiffs were represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiffs' alleged claims against the Defendants. The Court reviewed the Confidential Settlement Agreement and Full and Final Release of Claims (Doc. 36-1) which is attached to the Joint Motion for Approval of Settlement Agreement. The parties settled this case for a total of $39,000.00. The Plaintiff Kelly Greenfield will receive $5,200.00; the Plaintiff Jeorjette Laforet will receive $10,000.00; and the Plaintiff Karla Rymsky will receive $5,500.00. Counsel for the Plaintiffs will receive $18,300.00 for attorney's fees and costs. The Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement (Doc. 36) be granted and the Confidential Settlement Agreement and Full and Final Release of Claims (Doc. 36-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court

further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 7th day of June, 2010.


_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

Copies: All Parties of Record